So the first case on the calendar is United States v. Mayzick. Thank you. So, Mr. Ryan, you have reserved three minutes for rebuttal. Is that right? That is correct, Judge. Okay. So should that be 7 or 8 there on the clock? It should be 7. Yeah, I think it should be 7. Let's just set – oh, there we go. All right. Let me just make sure we're all ready. Yep. I'm ready. I'm ready. Okay, Mr. Ryan, floor is yours. May it please the Court. My name is Joe Ryan, appointed by the court below as a CJA lawyer representing Mr. Mayzick in the proceedings below and before this Court. We seek a remand for resentencing for two reasons. The first reason is that we want a district court judge that analyzes and gives reasons for rejecting substantial arguments as to why a consecutive sentence was not appropriate in this case. The second reason is that the government deliberately manipulated the court assignment to avoid Judge Hurley based upon their experience in the drug case, where Judge Hurley said that he was not going to consider the gang evidence in connection with the drug sentence because, as it turns out, the Fatico hearing would have gone on for weeks because in preparation for the trial for the Fatico on the gang case. Mr. Ryan? Yes. On the issue of manipulating the assignment, that was all discussed at a conference on January 14th, 2019. I mean, that's when Judge Feuerstein said the issue was troubling at first. So it was all aired out and discussed, and yet he pleaded guilty after that. The forum was not a subject to that argument. What Judge Feuerstein was upset about was the government's explanation. The issue of trying to avoid Judge Hurley was discussed explicitly by the assistant. The assistant said, but for the sentence, we wouldn't be here. The assistant admitted that if Judge Hurley gave us a sentence that we wanted, yes, then we wouldn't be here. My point is the issues were discussed, and Mr. Mazik elected to plead guilty anyway. So I'm not sure what the argument is now. But the plea of guilty had nothing to do with manipulation by the government. Mr. Mazik couldn't do it. His decision was, am I going to go to trial or am I going to plead guilty on the eve of trial to the evidence that they did have against him? So the forum was not an issue at all. He was aware of the problem. Instead of pressing, he could have made a motion to dismiss or something for prosecutorial misconduct. He elected to go forward and plead guilty anyway. We made three motions to dismiss and to strike racketeering acts. And they were based upon the fact that they hoodwinked Mr. Mazik and his lawyer into pleading guilty to the drug case so they could have an element for the RICO case. So this was not a forefront issue with respect to his plea of guilty. And we bring it up now because on the remand, we're going to suggest that it be remanded to Judge Hurley to undo what the government tried to do. For the government to try to manipulate the assignment of a case for sentencing purposes. Do we have the authority to hold in the first instance that the government acted in bad faith and manipulated the assignment? Absolutely. Or is that something that requires fact-finding, explanation, et cetera? The assistant to sign that form argued three months before Judge Hurley that the RICO case was relevant to the drug case. And that Judge Hurley should impose a RICO sentence of 20 years imprisonment. And then when he signed the form, he said it was not related. How he could say it was not related is beyond anybody's comprehension except for the reason that was later admitted by the supervising attorney to Judge Feuerstein on January 14th that you mentioned. If it wasn't for Judge Hurley not going along with our 60, our recommended sentence, we wouldn't be here. So there's an admission by the government that they manipulated the case to get away from Judge Hurley. But the Eastern District rules for court assignments make very clear on their face that they don't confer rights. They don't provide a basis on which a defendant can move for a different judge, right? There is no provision on that. There is no motion process, although I do think the rule was amended. I don't think there is a provision with respect to making motions for reassignment. We were, you know, I was appointed when Judge Feuerstein was assigned to the case and she assigned me. So we weren't focusing on this form. But do you have any reason to think that Judge Feuerstein was biased against your client? I think that Judge Feuerstein was amenable to the government's argument that a consecutive sentence is warranted here. But again, answer my question, though. I mean, you're not suggesting that Judge Feuerstein was biased. What you're saying is that you think the case should have gone to a judge who was perhaps more favorably inclined towards your client. No. If it went to Judge Hurley, as it should have been, it should have been related, yes, this is related to the drug case. Judge Hurley was in the best position in that courthouse to assess these arguments as to whether or not the drug case is related to the RICO case and not. Because he was fully familiar with that issue. But again, there might be lots of reasons why a judge might be best suited to do one case or another. But that's not really the issue. The issue is whether or not your client was somehow prejudiced by this. Yes. And so how was your client prejudiced? Because Judge Feuerstein never ruled on his objection to the consecutive sentence on the ground that the sentencing guidelines did not authorize it. The Leo decision was cited to Judge Feuerstein. And that decision stands today, which says that you have relevant conduct, which the drug case was relevant to the RICO case. She rejected the argument, right? That's a ruling. She imposed consecutive sentences after the matter had been argued. Judge, she never gave a reason. You have to give a reason. Well, she adopted the pre-sentence report, which explained why, in probation's view, that the section you cite didn't apply. No. The probation department in their in-camera recommendation never addressed this issue. The recommendation by the probation department did not address this issue. And it was given to the court in secret. In secret? Yes. It was in-camera. It was given in-camera, and I found out about it after the sentencing. And I said, well, where is this recommendation? And I asked the probation department and said, you've got to make an application to the judge. I made an application to the judge. And you read that recommendation. There's nothing in there addressing this issue about the sentencing guidelines requiring concurrent sentence. Nothing. Nothing. So the judge didn't rule that there was anything that—the judge didn't rule on this issue. In fact, she passed it on to this court. That's what appellate courts are for. Now, the Supreme Court has told us, and this court has told us, and the case is all cited, that a judge has to give reasons for non-frivolous objections. And this was certainly a non-frivolous objection because it was backed by a very good analysis of the sections on relevant conduct, that the drug case was relevant to the RICO case. So the fact that the judge says that's what your court has decided puts this panel at a disadvantage because you don't have reasons to review it to see whether or not they're correct. Judge Hurley, if it was remanded to Judge Hurley, he would give reasons or any other judge in that court would give reasons as to why the sentencing guidelines requires a concurrent sentence or not. All right. Well, you have nothing in that score only because the district court judge refused to give a reason. Okay. Despite— All right, I see, Mr. Ryan, we've gone over, but you have three minutes of rebuttal, so— Thank you very much, Judge. No, that's all right. We'll hear now from Mr. Rose on behalf of the government. Thank you, Your Honor. May it please the Court. My name is Charlie Rose. I'm an assistant United States attorney in the Eastern District of New York. The question of appeal here is whether the district court properly exercised its discretion in imposing a consecutive sentence on the defendant. The answer is clearly yes. The court followed the proper procedure in imposing a consecutive sentence under Guideline Section 5G1.3d. And even if the court should have ruled under 5G1.3b, this court—that court had the discretion under the statute to ignore that advisory guideline provision and impose a consecutive sentence in any event. But the judge didn't say that, right? The judge just adopted the pre-sentence report. Yes, Your Honor. The parties were—had briefed these issues at length. Probation had issued its pre-sentence report. Defense counsel had objected to that. The government responded to that objection. Defense counsel submitted a sentencing submission. The government responded to that. All of those were before the court prior to sentencing. In the record, we have those documents, and the court said that— The court said in its evaluation of the 3553A factors that it not only considered the seriousness of the offense that characterizes the defendant— The court discussed that, but did the court discuss the issue of consecutive versus concurrent sentences, whether the guidelines require a concurrent sentence?  The court did adopt the arguments that were advanced by probation in support of using that provision and also supported—that was supported by the government's submissions as well. So, in other words, 5G1.3d— Correct. —being the applicable guideline. Correct. Not b. Not b. If b was to be in effect here, Your Honor, the court would have had to make a finding that the offense conduct was relevant conduct. The prior offense was relevant conduct, and here it clearly wasn't. This gets to defense counsel's argument that the government tried to somehow manipulate the system and gain—avoiding Judge Hurley, which— Most people would have checked off the related box. To the extent that they were related, obviously there was a RICO charge, and the drug trafficking was part of one of the racketeering acts the government could have— Should the assistant have checked off the related box? I guess that's the argument. No, Your Honor. They weren't related. The drug charge was cited as a racketeering act in the second indictment. How would they not be related? The charges that had been filed against the defendant's co-defendants, fellow Nine Trey Blood gang members, previous to the inclusion of the defendant here when the superseding indictment was filed, there was no drug charges in there. Those all lay in the violent gang war that Mr. Mazik was the leader of on behalf of— The whole issue came up because in the first case, the government was arguing these additional acts, and Judge Hurley said, on the theory that they're related, and Judge Hurley said, those are not before me. And then when they get at it later on— Correct. I don't know that it matters in terms of the outcome, but it does seem to me that the prosecutor should have checked the box. Well, to the extent, again, that the prosecutor could have checked the box, none of the defendants in the underlying action, Mazik, Winslow— I mean, it does have the appearance of trying to get away from Judge Hurley, and that is troubling if that indeed is what the government was trying to do. Your Honor, respectfully, I don't believe that that's made evident on the face of that. I think that the— Well, can I just—I'm sorry to interrupt. Go ahead. No, the charges lay in vicar violence. The defendant pled guilty to a vicar murder conspiracy. The drug charges here never come up. As I was saying prior, the defendants in the drug case, there's no overlap. The only overlap— Well, here's what the rule says. It says, in a case involving racketeering charges, the determination of whether the case should be related to another shall be made on the basis of the predicate acts charged, not the criminal enterprise. So the predicate acts charged, is there overlap? That's really the question. Right. And, Your Honor, none of the predicate acts were previously charged with respect to those other defendants. The drug charges only came about after the defendant was brought into the case, into already filed cases that were already before Judge Feierstein. To the extent that the court is also considering the issue of the substantive reasonability of the sentence— Could I just—Mr. Rose, could I just ask you back on the topic of the court's decision, implicit decision, not to find that the guideline provision relating to consecutive or concurrent applied here? Do you feel like—and in the record, I mean, you've acknowledged that in terms of what the court said on the record, there was not explicit discussion of that. And you referred to the fact of probation's analysis of that issue. Was that solely—was that in the pre-sentence report, or was that in the recommendation to which, you know, defense counsel did not have access prior to or had sentencing? Your Honor, I don't believe that anything that's in that recommendation goes beyond that which was presented in open court to the court that was briefed in the addendum, in the PSR, in the addendum and addressed by the parties. So to the extent that the in-camera recommendation was not shared prior, I don't believe that alters the calculus in any way here. Unless there are any further questions, the government respectfully requests that the court continue to impose the legal, procedurally proper, and substantively reasonable sentence. Thank you, Your Honor. Thank you very much, Mr. Rose. We'll now hear from Mr. Ryan for three minutes of rebuttal. I'm not going to use the three minutes, Judge. It's rare that a lawyer says that, and even rarer that a lawyer does that. I'm restraining myself. Your Honors should remand it and have Judge Hurley or another available judge in Central Iceland decide the issue of consecutive versus concurrent. You should not be dealing with this issue because Judge Feuerstein didn't address it. Is that a legal issue? Is it a legal issue as to whether 5G 1.3d or b applies? Absolutely. It is? Yes, because if the drug case is relevant to the concept of 3.1b is to avoid multiple punishments for a course of criminal conduct. What about the language in 5G 1.3b2 that, I'm sorry, 5G 1.3, and there's a note that says only if all of the prior offense is relevant conduct. Yes. And here was all of the relevant conduct, all of the prior conduct relevant? Yes. The RICO indictment incorporates the drug dealing in the racketeering acts. So my suggestion is that it be remanded to Judge Hurley or another available judge in the Central Iceland Courthouse and that we should deal with those issues at that level. But if it is a legal issue, as you say, a legal question, I mean, aren't we just as capable of resolving that here now? You are, but we don't have any reasons why Judge Feuerstein rejected or ignored the objection. You don't have any reason from the district court why she rejected our argument. The district court gave you no reasons why they rejected this argument. So my suggestion is that without denigrating the capability of this court, and this is what the Supreme Court cautioned on, that this court should have the benefit of a full record in the district court level to decide this issue. Though if it's a legal issue and if the facts are not in dispute with respect to that legal issue, it seems to me that we're perfectly capable of resolving it. Well, that's not for me to say, Judge. That's for you to say. Thank you very much. Okay. Thank you, Mr. Ryan. Thank you, Mr. Rose.